**Nilsa MARTINEZ DE JESUS,**
**et al. Plaintiffs**

**v.**

**PUERTO RICO ELECTRIC POWER**
**AUTHORITY, et al. Defendants**

**No. CIV. 00–1715(SEC).**

United States District Court,
D. Puerto Rico.

June 26, 2003.

---

Jorge M. Izquierdo–San Miguel, San Miguel, Izquierdo Stella & Izquierdo San Miguel, San Juan, PR, for Plaintiffs.

Andres Guillemard–Noble, San Juan, PR, David C. Indiano–Vicic and Jeffrey M. Williams–English, Indiano & Williams, PSC, San Juan, PR, Edna Marie Rios–González and Jorge R. Ruiz–Pabón, San Juan, PR, Tomás E. Vivoni, San Germán, PR, for Defendants.

## OPINION AND ORDER

CASELLAS, District Judge.

Pending before the Court is Defendants' motion for reconsideration (Docket # 88) of this Court's Opinion and Order in *Martínez De Jesús v. Puerto Rico Electric Power Authority*, 256 F.Supp.2d 122 (D.P.R.2003) (Docket # 78) denying their motion for summary judgment (Docket # 42). Plaintiffs have opposed said motion (Docket # 95), and Defendants have replied to said opposition (Docket # 104). Having reviewed the parties' arguments,

the motion for reconsideration will be **DE-NIED**.

■ Defendants first argue that the Court erred in its consideration of the Puerto Rico Electric Power Authority's (PREPA) compliance with the National Electric Safety Code (NESC). The Court wants to make it clear that its holding in the previous Opinion and Order was not predicated on PREPA's compliance or noncompliance with the NESC. The crux of the Court's holding is precisely that such compliance does not exempt PREPA from liability, and is not dispositive of the present case. Defendants may, at trial, argue to the jury that they in fact complied with the requirements of the NESC and that such compliance suggests that they were not negligent. However, the Court need not determine for the purposes of this tort case, whether Defendants complied with the NESC or not, since this issue is not dispositive of the case as a matter of law. Of course, the Court also wishes to make clear to both parties that the facts, as set out in the Opinion and Order, are not binding on the jury, and any controverted fact which might have been mentioned in said opinion can be litigated at trial.

■ Defendants also argue that this Court's holding will have the effect of forcing PREPA to incur an extraordinary expense by having to rewire all their electric lines. That is not the case. The only thing that our holding requires is that the jury be the one to decide whether in each particular case PREPA was negligent in its maintenance and repair of their electrical lines. The jury might very well find that the expenditure of moving the lines in this specific case outweighed the risks. This is a decision to be made by the jury, and Defendants have cited to no authority stating otherwise. In fact, Defendants have made reference to no cases involving the NESC in which the courts have ruled as a matter of law for the defendants based on their compliance with the regulation. We, therefore, choose to follow the unanimous jurisprudence cited in our Opinion and Order.

Defendants further argue that a presumption of due care should be established when a party has complied with the NESC requirements. We reject this argument for multiple reasons. First, we must remind Defendants that Puerto Rico is a civil law jurisdiction. Even after a century of influence from the United States' common law system, Puerto Rico's legal system remains one where the legislature is the only one with power to create the law. A Puerto Rico court should not manufacture a presumption, such as the one suggested by Defendants, when it has not been established by statute. This argument applies *a fortiori* to this federal Court of limited jurisdiction. Since *Erie v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), the U.S. Supreme Court has made clear that it is the states' province to legislate with respect to their own state law. This Court will not usurp that power from the Commonwealth of Puerto Rico. Furthermore, Defendants have again failed to point to any case law in which a court, any court, has taken it upon itself to fashion such a presumption. We, as a federal court sitting in a civil law jurisdiction, will not be the first.

■ Finally, Defendants argue that the Court should dismiss the case because Plaintiffs have failed to establish a causal link between Defendants' conduct and the accident. Defendants state that it was the son, Francisco Márquez Santana, who came in contact with the live electrical line first, due to the fact that he was under the influence of several drugs including cocaine, and did not follow the appropriate safety procedures. Defendants conclude

that his behavior constitutes an intervening cause which exempts them from liability. We disagree. First, the issue of causation is one normally left to the jury. In this case, there are controverted issues of fact as to whether Plaintiff was still under the influence of drugs at the time of the accident, and whether his behavior was really affected by the drugs at that point. The Court believes that this is a matter best left for the jury to decide.

We also disagree with Defendants' statement that the case should be dismissed because it was not reasonably foreseeable as a matter of law that anyone would decide to paint the building under the influence of drugs, and come in contact with the live electrical lines. Regardless of whether Plaintiff acted negligently by doing the work while under the influence of drugs, the fact remains that someone came in contact with the live electrical lines while painting the building with what allegedly was a normal painting rod. The Court cannot find that someone coming in contact with the lines while painting the building was not reasonably foreseeable, **as a matter of law**, given the evidence before us, and constrained by the standard of review under a motion for summary judgment. We find that this case is easily distinguishable from the situation in *Pacheco Vda. De Bezares v. A.F.F.*, 112 D.P.R. 296 (1982), where the plaintiffs were electrocuted after their car hit a pole which then fell to the ground taking the cables with it. Such a freak accident is quite different from the case at bar, where a routinely conducted activity (painting a building) resulted in one of the painters coming in contact with a live electrical line. There is no proof that Plaintiffs were doing anything out of the ordinary while painting the building, such as climbing on the poles holding the electric lines, or coming in contact with the lines intentionally, or that they unreasonably climbed on any objects which would elevate them closer to the electrical lines. The proof, at this point, is that they were painting a building with painting rods and came in contact with the live wires. This type of activity cannot be said to not be reasonably foreseeable as a matter of law.

Finally, we must also remember that this jurisdiction has embraced the doctrine of comparative negligence. Under said doctrine, Plaintiffs' alleged negligent behavior would entitle Defendants to a reduction in their liability, but not to a dismissal. Defendants will have their chance at trial to try to convince the jury that Plaintiffs were more negligent than Defendants were (if indeed they were negligent at all).

For all the reasons discussed above, Defendants' motion for reconsideration is **DENIED**. Furthermore, the Court does not agree that this case involves issues not easily resolvable or open to different interpretations so as to merit certification for interlocutory appeal. Hence, Defendants' motion for certification and stay is also **DENIED**.

**SO ORDERED.**